IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| COLTON CAPITAL PARTNERS, LLC, a Utah limited liability company, and STEVEN J. HANSEN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>MARC S. JENSON, an individual; RICHARD T. WOLPER, an individual; NIMBUS LOAN FUND, LLC, a Utah limited liability company; WOLPER DEVELOPMENT III, LLC, a Utah limited liability company; and UTAH WETLANDS COMPANY, LLC, a Utah limited liability company; and JOHN DOES # 1-5,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:06CV958 DAK |

      This matter is before the court on Defendants Richard T. Wolper ("Wolper"), Wolper Development III, LLC ("Wolper Development"), and Utah Wetlands Company, LLC's ("Utah Wetlands")  (collectively referred to as the "Wolper Defendants") Motion to Dismiss.  A hearing on the motion was held on May 15, 2007.  At the hearing, the Wolper Defendants were represented by Gregory M. Simonsen, and Plaintiffs Colton Capital Partners, LLC ("Colton Capital") and Steven J. Hansen ("Hansen") were represented by Kathleen E. McDonald.  Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties.  Since taking the motions under advisement, the court has further considered the law and facts relating to the motions.  Now being fully advised, the court renders the following

Memorandum Decision and Order.

At the outset, the court notes that Plaintiffs have agreed to dismiss, without prejudice, Hansen's personal claims for breach of contract and breach of the covenant of good faith and fair dealing against the Wolper Defendants. Therefore, those claims are dismissed without prejudice. The Wolper Defendants, however, claim that *all* of Hansen's claims against all the Wolper Defendants should be dismissed because the alleged injuries were suffered by Colton Capital–and not Hansen. The court agrees, as Hansen has not offered any reason why he is entitled to maintain any claim against any of the Defendants. Accordingly, all of Plaintiff Hansen's claims against the Defendants are dismissed without prejudice.[1]

In addition, the Wolper Defendants contend that the "one action rule" precludes Plaintiffs' claims against Wolper and Utah Wetlands because Plaintiffs have not first foreclosed on the trust deed. While Plaintiffs claim in their opposition memorandum that there is no trust deed upon which to foreclose–and that it would be futile in any event–Plaintiffs have failed to make such allegations in their Complaint. Accordingly, Plaintiffs' claims against Wolper and Utah Wetlands are dismissed without prejudice. Plaintiffs, however, are granted leave to amend their Complaint to make such allegations if they are able.

Next, Wolper claims that he signed the Promissory Note and the Parent Guaranty in a representative capacity and thus he cannot be individually liable. Plaintiffs dispute this argument, claiming in their opposition memorandum that Wolper is the alter ego of Wolper Development and Utah Wetlands, and thus he is subject to individual liability. Plaintiffs,

---

[1] Many of Hansen's claims are also dismissed for the reasons set forth below.

2

however, have failed to make such allegations in their Complaint, and Plaintiffs' claims against Wolper therefore are dismissed without prejudice. Plaintiffs, however, are granted leave to amend their Complaint to make such allegations if they are able.

The Wolper Defendants also seek dismissal of Plaintiffs' conversion claim. While it appears unlikely at this juncture that Colton Capital will succeed on this claim, the court declines to dismiss the claim prior to discovery. The conversion claim against Wolper Development, however, is dismissed without prejudice, as Plaintiffs have not alleged that Wolper Development received any money.

Next, Wolper and Utah Wetlands seek dismissal of Plaintiffs' negligent misrepresentation claims, contending that the economic loss rule bars such a claim.[2] The court agrees that Plaintiffs have failed to allege facts demonstrating that the conduct of Wolper and/or Utah Wetlands falls within any of the exceptions to the Economic Loss Rule, as there was no special relationship created between these entities. Thus, the Economic Loss Rule bars Plaintiff Hansen's negligent misrepresentation claim against Wolper and Utah Wetlands and it also bars Colton Capital's claim against Wolper. Accordingly, Plaintiffs' claims against Wolper and Utah Wetlands for negligent misrepresentation are dismissed without prejudice. Plaintiffs are granted leave to amend their Complaint to make such allegations if they are able.

Defendants also request dismissal of Plaintiffs' RICO claim, arguing that Plaintiffs have failed to allege that the Wolper Defendants engaged in a pattern of racketeering activity and also failed to plead their RICO claim with particularity. The court agrees that Plaintiffs have not

---

[2] Plaintiffs did not assert a negligent misrepresentation claim against Wolper Development.

stated a RICO claim because they have not alleged a racketeering activity nor a "pattern" of racketeering activity. Plaintiffs' RICO claim is therefore dismissed with prejudice. In addition, the court dismisses with prejudice Plaintiffs' claim under the Utah Pattern of Unlawful Activity Act.

Defendants next seek dismissal of Plaintiffs' claim under the Exchange Act (Tenth Claim for Relief) and also the Utah Uniform Securities Act (Eleventh Claim for Relief), arguing that the Promissory Note at issue is not a security. The court declines to dismiss these claims prior to discovery, but Defendants may renew these arguments after the close of discovery.

In addition, Defendants seek dismissal of Plaintiffs' breach of contract claim against Wolper (Fourteenth Claim for Relief) and their claim for breach of the covenant of good faith and fair dealing (Seventeenth Claim for Relief) against Wolper, arguing that the Promissory Note is between Utah Wetlands and Colton Capital, and that Wolper signed the Note in a representative capacity. Thus, they argue, these claims cannot lie against him individually. As noted above, Plaintiffs have failed to make any alter ego allegations, and thus these claims are dismissed without prejudice.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Wolper Defendants' Motion to Dismiss is GRANTED in part and DENIED in part. All of Plaintiff Steven Hansen's claims against all of the Wolper Defendants are DISMISSED without prejudice. In addition, Plaintiffs' RICO claims and Utah Pattern of Unlawful Activity Act claims against the Wolper Defendants are DISMISSED with prejudice. Several of Plaintiffs' claims are DISMISSED without prejudice, consistent with the discussion above, but Plaintiffs are granted leave to amend their Complaint to

make the allegations necessary to state the various claims that have been dismissed without prejudice. Plaintiffs shall file their Amended Complaint by no later than June 25, 2007. The court declines to award attorneys' fees or costs.

DATED this 1st day of June, 2007.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge